26 F.3d 140
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Emma W. TODD, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3087.
 United States Court of Appeals, Federal Circuit.
 May 12, 1994.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Emma W. Todd seeks review of the decision of the Merit Systems Protection Board, Docket No. PH0831930321-I-1, denying her application for survivor annuity benefits under the Civil Service Retirement Spouse Equity Act of 1984. We affirm.
 
 
 2
 On December 31, 1992, Ms. Todd applied for a former spouse's survivor annuity under Sec. 4(b) of the Civil Service Retirement Spouse Equity Act, Pub.L. 98-615, 98 Stat. 3195, 3205-06 (November 8, 1984), as amended by The Federal Employees Benefits Improvement Act of 1986, Pub.L. 99-251, 100 Stat. 14, (February 27, 1986) and The Federal Employees Retirement System Technical Corrections Act, Pub.L. 100-238, 101 Stat. 1744 (January 8, 1988), see 5 U.S.C. Sec. 8341 note, based on the service of her former husband William C. Wynne. Section 4(b)(1)(B)(iv) of the Spouse Equity Act requires Ms. Todd to have filed an application for a survivor annuity on or before May 7, 1989.
 
 
 3
 Ms. Todd states that she was unaware of the filing deadline. Section 4(c) of the Spouse Equity Act provides that OPM shall provide for general public notice of the right to make an election. 5 U.S.C. Sec. 8341 note. It is not disputed that notice of the right to make an election under the Spouse Equity Act was published in the Federal Register.
 
 
 4
 In Iacono v. Office of Personnel Management, 974 F.2d 1326 (Fed.Cir.1992), this court held that the May 1989 filing deadline was a statutory eligibility requirement of the Spouse Equity Act, and was not a period of limitations that can equitably be tolled, even in view of mental disability. Id. at 1327-28. OPM had no statutory duty to provide individual notification to Ms. Todd.
 
 
 5
 Because Ms. Todd's application was made over three years after the statutory filing deadline, the Board correctly held that she did not meet the statutory eligibility requirement of Sec. 4(b)(1)(B)(iv).